IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GREGORY CONWAY,** **#N83890,** | ) ) ) |
| Plaintiff, | ) ) ) Case No. 17−cv−00110−MJR |
| vs. | ) ) |
| **ALAN TRUMMEL,** | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, Chief District Judge:**

Plaintiff Gregory Conway, an inmate who is currently incarcerated at Pinckneyville Correctional Center, brings the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 2). This case was severed from *Conway v. Gooden, et al.*, No. 16-cv-1393-SMY (original case), pursuant to a Memorandum and Order entered by the Court on February 2, 2017. (Doc. 1). Now before the Court for preliminary review is a single severed claim ("Count 12," original case) against Alan Trummel, an eye doctor at Pinckneyville Correctional Center who failed to provide Plaintiff with his medically prescribed eyeglasses for a period of three months after Plaintiff transferred to Pinckneyville in 2015. (Doc. 2, pp. 8-9, 15-16). In connection with this claim, Plaintiff seeks declaratory judgment and monetary damages. (Doc. 2, pp. 30-35).

Count 12 is now subject to preliminary review under 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

>   (1) is frivolous, malicious, or fails to state a claim on which relief
>   may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from
>   such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Count 12 does not survive screening under this standard.

## Complaint

Plaintiff brought his original case, *Conway v. Gooden, et al.*, No. 16-cv-1393-SMY (S.D. Ill. 2016), pursuant to 42 U.S.C. § 1983 for numerous constitutional violations that occurred during his incarceration at Western Correctional Center ("Western") and at Pinckneyville Correctional Center ("Pinckneyville"). (Doc. 1, p. 1; Doc. 2). In the Complaint, he asserted claims under the First, Eighth, and Fourteenth Amendments against officials at both prisons. *Id*. Many of the claims were unrelated to one another and brought against different groups of defendants. *Id*. On February 2, 2017, the Court entered an Order severing the unrelated claims against different defendants into separate suits. (Doc. 1).

The instant case focuses on a single severed claim that Plaintiff brought under the Eighth Amendment against Alan Trummel, who was Plaintiff's eye doctor at Pinckneyville. (Doc. 2). According to the Complaint, Plaintiff's eyeglasses were confiscated on April 13, 2015, just

2

before he transferred from Western to Pinckneyville. (Doc. 2, pp. 9, 15). Following his transfer to Pinckneyville on May 21, 2015, Plaintiff submitted 8 separate requests for eyeglasses to Doctor Trummel. (Doc. 2, pp. 9, 15-16). Plaintiff explained that he needed his medically prescribed eyeglasses on a daily basis in order to see. (Doc. 2, p. 15). Even so, Doctor Trummel ignored all of Plaintiff's requests, including those dated May 28, June 4, June 11, June 18, June 25, July 2, July 22, and July 29. (Doc. 2, p. 16). In doing so, Doctor Trummel allegedly exhibited deliberate indifference to Plaintiff's serious medical need in violation of the Eighth Amendment. *Id*.

## Discussion

This case addresses one severed claim. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court:

> **Count 12 -** Eighth Amendment deliberate indifference to medical needs claim against Doctor Trummel for failing to provide Plaintiff with his medically prescribed eyeglasses after Plaintiff requested them 8 separate times between May 28, 2015 and July 29, 2015.

(*See* Doc. 1, p. 15).

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII; *see also Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). Deliberate indifference to serious medical needs of prisoners constitutes cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state an Eighth Amendment claim, a prisoner must show that the medical need at issue was sufficiently serious (*i.e.*, an objective standard) and state officials acted with deliberate indifference to the prisoner's health or safety (*i.e.*, a subjective

standard). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

Plaintiff's claim against Doctor Trummel fails because he does not adequately describe his need for prescription glasses. The Seventh Circuit Court of Appeals has indicated that the need for prescription eyeglasses could conceivably constitute a serious medical need. *Franklin v. McCaughtry*, 110 F. App'x 715, *4 (7th Cir. 2004). However, district courts have otherwise received little guidance from the Seventh Circuit regarding the extent to which vision problems and the need for eyeglasses support an Eighth Amendment claim.

The Seventh Circuit has more generally indicated that a serious medical need extends to matters that "significantly affect an individual's daily activities." *Chance v. Armstrong*, 143 F.3d 698, 702 (7th Cir. 1998). Additional factors to consider when determining whether a medical need is objectively serious are whether an injury has been diagnosed by a physician as requiring treatment, whether the denial of treatment will cause further injury, and whether the plaintiff suffers from chronic and substantial pain. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011); *Gutierrez v. Peters*, 111 F.3d 1364, 1373-74 (7th Cir. 1997).

Other courts have found that a serious medical need includes a person's ability to see or recognized that the right to medical care includes the right to eye care and eyeglasses. *See, e.g., Koehl v. Dalsheim*, 85 F.3d 86, 88 (2d Cir. 1996); *Mitchell v. Maynard*, 80 F.3d 1433 (10th Cir. 1996); *Harris v. O'Grady*, 803 F. Supp. 1361, 1366 (N.D. Ill. 1992); *Williams v. ICC Committee*, 812 F. Supp. 1029 (N.D. Cal. 1992). At least one court has indicated that the need for glasses must be for something more than a "very slight visual impairment." *Tormasi v. Hayman*, 452 F. App'x 203, 206 (3d Cir. 2011). And this Court has indicated that "[g]lasses needed for more

severe visual impairments, such as significantly blurred vision, double vision, or loss of depth perception, constitutes a serious medical need." *Gevas v. Shearing*, No. 14-cv-134-NJR, 2016 WL 1221937 at *5 (S.D. Ill. Mar. 29, 2016) (citations omitted).

Plaintiff's Complaint does not satisfy the objective component of this claim for screening purposes. Plaintiff consistently alleges that he was denied medically prescribed eyeglasses, and he needed them to see on a daily basis. (Doc. 2, pp. 8-9, 15-16; Docs. 2-1, 2-2). However, he offers no indication of how serious his need for eyeglasses actually was. *Id*. He describes no symptoms of vision problems without the glasses, such as blurred or deteriorating vision. *Id*. He describes no symptoms of pain associated with the denial of eyeglasses, such as headaches. *Id*. He also describes no impairments to his daily activities. *Id*. Without basic allegations describing the extent of Plaintiff's need for eyeglasses, the Court cannot conclude that the mere denial of eyeglasses for three months, absent any other symptoms or problems, constitutes an objectively serious medical need.

As for the subjective component, deliberate indifference is shown when a prison official knows of and disregards a substantial risk to an inmate. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Plaintiff alleges that Doctor Trummel ignored all 8 requests for eyeglasses that Plaintiff submitted between May and July 2015. (Doc. 2, pp. 15-16). But given the lack of allegations describing Plaintiff's vision problems and need for eyeglasses, the Court cannot determine whether Doctor Trummel's response was reasonable under the particular circumstances or amounted to deliberate indifference.

Count 12 does not survive screening and shall be dismissed for failure to state a claim against Doctor Trummel. However, Plaintiff shall have an opportunity to re-plead this claim. The deadline and instructions for doing so are set forth in the below disposition. Failure to

comply with the deadline and instructions will result in dismissal of this action with prejudice. *See* FED. R. CIV. P. 41(b).

## Disposition

**IT IS HEREBY ORDERED** that Count 12, the only claim in this severed case, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" **on or before April 4, 2017.** Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case will be dismissed with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Further, the Court will assess a "strike" against Plaintiff. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 17-cv-00110-MJR). The pleading should focus only on the Eighth Amendment claim in Count 12 against Alan Trummel. Plaintiff should set forth those facts which demonstrate that the defendant exhibited deliberate indifference to his serious medical need. Plaintiff should attempt to include the facts of his case in chronological order, inserting the defendant's name where necessary. Plaintiff should refrain from filing unnecessary exhibits. He should *include only related claims* in his First Amended Complaint. Claims found to be unrelated to Count 12 will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original Complaint, rendering the original Complaint void. *See Flannery v. Recording Industry Ass'n of America*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 7, 2017**

s/ MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**