IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| GREGORY CONWAY,<br>#N83890, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | Case No. 17−cv–00110−MJR |
| vs. | ) |  |
|  | ) |  |
| ALLEN BRUMMEL,<br>WEXFORD HEALTH SOURCES, INC.,<br>PAUL LEWIS SHICKER,<br>and CHRISTINE BROWN, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is now before the Court for consideration of the First Amended Complaint filed by Plaintiff Gregory Conway pursuant to 42 U.S.C. § 1983. (Doc. 2). This case was originally severed from *Conway v. Gooden, et al.*, No. 16-cv-1393-SMY (original case), on February 2, 2017. (Doc. 1). The only claim at issue in the severed case was "Count 12" against Alan Trummel, an eye doctor at Pinckneyville Correctional Center who allegedly denied Plaintiff a pair of medically prescribed eyeglasses after he transferred to Pinckneyville in 2015. (Doc. 2, pp. 8-9, 15-16). The claim did not survive screening and was dismissed without prejudice on March 7, 2017. (Doc. 6). However, the Court granted Plaintiff leave to re-plead his claim against the defendant by April 4, 2017. *Id*.

Plaintiff filed a First Amended Complaint prior to this deadline. (Doc. 8). In it, he reasserts his Eighth Amendment deliberate indifference to medical needs claim against the same

1

defendant, Allen Brummel.[1] In addition, Plaintiff adds a claim against Wexford Health Sources, Inc. ("Wexford"), Paul Lewis Shicker (Illinois Department of Corrections ("IDOC") medical director), and Christine Brown (healthcare administrator) for instituting the policy, custom, or practice that allegedly resulted in the deprivation of Plaintiff's constitutional rights. (Doc. 8, pp. 6-7). In connection with these claims, Plaintiff seeks monetary damages against the defendants.[2] (Doc. 8, p. 9).

The First Amended Complaint (Doc. 8) is now subject to preliminary review under 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

---

[1] In the Complaint, Plaintiff identified this individual as "Alan Trummel" but now alleges that the correct spelling of this defendant's name is "Allen Brummel." (Doc. 8, p. 6).
[2] Plaintiff invokes Rule 65 of the Federal Rules of Civil Procedure on the first page of his First Amended Complaint, in reference to his claims against Wexford, Shicker, and Brown. (Doc. 8, p. 1). However, he does not mention Rule 65 anywhere else in the amended complaint or in the exhibits. He also does not request a temporary restraining order or preliminary injunction in his request for relief. If he seeks any sort of immediate relief in connection with this matter, he should file a separate motion requesting a temporary restraining order or preliminary injunction under Rule 65.

*Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The First Amended Complaint survives preliminary review under this standard.

## First Amended Complaint

In the First Amended Complaint, Plaintiff alleges that his "medically prescribed" eyeglasses were confiscated from him while he was housed at Western Illinois Correctional Center ("Western") on April 13, 2015. (Doc. 8, p. 6). Following his transfer to Pinckneyville Correctional Center ("Pinckneyville") on May 21, 2015, Plaintiff submitted eight separate requests for a pair of eyeglasses to the prison's eye doctor, Allen Brummel. *Id*. These requests were dated May 28, June 4, June 11, June 18, June 25, July 2, July 22, and July 29. *Id*. In each, Plaintiff explained that he was suffering from severe migraine headaches and blurred vision. *Id*.

Plaintiff did not meet with Doctor Brummel for the first time until August 25, 2015. (Doc. 8, p. 6). He was not issued a pair of eyeglasses until October 6, 2015. *Id*. This was more than four months after Plaintiff first requested a pair of glasses. *Id*.

He blames the delay on a policy, custom, or practice espoused by Wexford and implemented by Director Shicker and Administrator Brown. (Doc. 8, p. 6). All three defendants allegedly encouraged Doctor Brummel to control the costs of medical care by providing as little care to inmates as possible. *Id*. These defendants ignored Plaintiff's written requests for glasses and overlooked Doctor Brummel's denial of timely and adequate medical care, all in furtherance of this policy. (Doc. 8, pp. 6-7). Plaintiff maintains that this cost-saving policy was the "moving force" behind the constitutional deprivations he suffered. (Doc. 8, p. 6).

## Merits Review Pursuant to 28 U.S.C. § 1915A

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to reorganize the claims in Plaintiff's *pro se* First Amended Complaint (Doc. 8) into the following counts:

> **Count 1 -** Eighth Amendment deliberate indifference to medical needs claim against Doctor Brummel for failing to provide Plaintiff with his medically prescribed eyeglasses until October 6, 2015, after Plaintiff submitted eight separate requests for glasses between May 28, 2015 and July 29, 2015.
>
> **Count 2 -** Eighth Amendment deliberate indifference to medical needs claim against Wexford, Shicker, and Brown for espousing or carrying out a policy, custom, or practice of denying necessary medical care to inmates in an effort to reduce the cost of care.

(*See* Doc. 8, pp. 6-7). The Court summarized the applicable legal standard for an Eighth Amendment deliberate indifference to medical needs claim in its Order dated March 7, 2017. (Doc. 6). Both claims survive review under this standard. The First Amended Complaint articulates a viable claim in Count 1 against Allen Brummel and in Count 2 against Wexford, Director Shicker, and Administrator Brown. Accordingly, these claims shall receive further review.

## Pending Motion

Plaintiff's Motion to Consolidate Filing Fees (Doc. 9) is **DENIED**. Plaintiff was granted leave to proceed *in forma pauperis* in this and five other cases filed in this Court, and was ordered to pay 20% of his monthly income towards the filing fee in each case. He now asks the Court to either eliminate his obligation to pay the remaining fees or "consolidate" them into a single monthly payment of 20%. A prisoner is required to pay the entire filing fee for any civil case he brings. *See* 28 U.S.C. § 1915(b)(1). The Seventh Circuit instructs that "the fees for

filing the complaint and appeal cumulate. Otherwise a prisoner could file multiple suits for the price of one. . . ." *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997), overruled in part on other grounds by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). A prisoner who files one suit must remit 20% of his monthly income to the Clerk of the Court until his fees have been paid; a prisoner who files a suit and an appeal must remit 40%; and so on. *Newlin*, 123 F.3d at 436. "Five suits or appeals mean that the prisoner's entire monthly income must be turned over to the court until the fees have been paid." *Id*. The current arrangement where 100% of Plaintiff's account balance must be deducted to make payments toward the fees in his five cases will remain unchanged, until the balance owed for one or more of the cases is paid in full.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is subject to further review against Defendant **ALLEN BRUMMEL**, and **COUNT 2** is subject to further review against Defendants **WEXFORD HEALTH SOURCES, INC., PAUL LEWIS SHICKER,** and **CHRISTINE BROWN**.

With regard to **COUNTS 1** and **2**, the Clerk shall prepare for Defendants **ALLEN BRUMMEL, WEXFORD HEALTH SOURCES, INC., PAUL LEWIS SHICKER,** and **CHRISTINE BROWN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 8) and Exhibits (Docs. 8-1, 8-2, and 8-3), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps

to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint (Doc. 8) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 3, 2017**

                                                    s/ MICHAEL J. REAGAN
                                                  **Chief Judge**
                                                  **United States District Court**